1
2
3
4                          **UNITED STATES DISTRICT COURT**
5                                **DISTRICT OF NEVADA**
6
7    DARLENE POST, *et al.*,                    Case No. 2:25-cv-00062-GMN-NJK
         Plaintiffs,
8                                                        **Order**
     v.
9                                                   [Docket No. 27]
     SOC, LLC, *et al.*,
10
         Defendants.
11

12        Pending before the Court is the parties' stipulated protective order.  Docket No. 27.  On

13   April 4, 2025, the Court denied without prejudice the parties' first stipulated protective order,

14   holding that no showing was made as to why judicial oversight is required for the parties'

15   agreement on designation and treatment of confidential discovery material.  Docket No. 21.  On

16   April 24, 2024, the Court denied Defendants' motion for protective order as Defendants failed,

17   again, to make the required showing as to why judicial oversight is need.  Docket No. 26.  As the

18   pending request has already been considered and denied, the parties' stipulation is properly

19   construed as a request for reconsideration.

20        "Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips*

21   *Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citation and internal

22   quotations omitted).  The Local Rules provide the applicable standards in addressing whether the

23   Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate

24   if (1) there is newly discovered evidence that was not available when the original motion or

25   response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust,

26   or (3) there is an intervening change in controlling law.  Local Rule 59-1(a).

27
28

                                                1

1    The parties are well aware that, unless the parties' agreement interferes with court
2  proceedings or deadlines, the parties may stipulate to discovery procedures without obtaining
3  judicial approval. *See* Docket No. 21 at 1; *see also* Docket No. 26 at 1. *see also* Fed. R. Civ. P. 29.
4  The instant stipulation fails, for the third time, to make the required showing as to why judicial
5  oversight is needed.  Further, the stipulation fails to identify the governing rule for reconsideration,
6  fails to outline the applicable standards, and fails to provide meaningful discussion as to why relief
7  should be granted.  More specifically, the parties make no showing as to how any of the
8  enumerated grounds for reconsideration could apply here.

9    Accordingly, the Court **DENIES** the parties' stipulated protective order.  Docket No. 27.

10    IT IS SO ORDERED.

11    Dated: May 5, 2025

12

13    _____
      Nancy J. Koppe
      United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2