**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DARLENE POST, individually and in her capacity as Special Administrator of the ESTATE OF DAVID POST; and KIPALEE PRINCE, individually and in her capacity as Special Administrator of the ESTATE OF DAVID PRINCE,

                    Plaintiffs,

        vs.

SOC LLC, a foreign limited liability company; SOC NEVADA LLC, a foreign limited liability company; SOC DOE GUARD, an individual; and DOES 1–5 and ROE ENTITIES 1–5,

                    Defendants.

Case No.  2:25-cv-00062-NJK
**ORDER GRANTING DEFENDANTS' SOC LLC AND SOC NEVADA LLC UNOPPOSED MOTION TO EXTEND TIME TO AMEND THE PLEADINGS AND ADD PARTIES**

**[LR IA 6-1, First Request]**

Pursuant to Rule 6 of the Federal Rules of Civil Procedure and this Court's Local Rules of Practice, LR IA 6-1, Defendants SOC LLC and SOC Nevada LLC (jointly, "SOC" or "Defendants"), for good cause, respectfully move the Court for an extension of thirty (30) days—to **July 23, 2026**—for SOC to amend the pleadings and to file a Third Party Complaint (the "Motion").  This is the first request by SOC to extend the deadline to amend the pleadings and to add parties set forth in the Scheduling Order entered by the Court on March 24, 2026. [ECF No. 55].  The Plaintiffs do not oppose this Motion.

1.      On March 23, 2026, the parties filed a Stipulated Discovery Plan and Scheduling Order that jointly proposed a deadline of January 8, 2027, to amend the pleadings. [ECF No. 54].

2.      On March 24, 2026, the Court granted in part and denied in part the Stipulated Discovery

- 1 -

Plan, setting a deadline of June 23, 2026, to amend the pleadings and add parties. [ECF No. 55].

3. On March 27, 2026, the Court granted in part and denied in part SOC's Motion to Dismiss. [ECF No. 56]. Specifically, the Court granted SOC's Motion to Dismiss Plaintiff's Negligent Hiring, Training, Retention, and Supervision claim without prejudice and Plaintiffs' Vicarious Liability for Negligent Acts of SOC Doe Guard claim with prejudice. The Court denied SOC's Motion to Dismiss for Lack of Subject Matter Jurisdiction and its Motion to Dismiss for Failure to State a Claim. [Id.].

4. In light of the Court's ruling on SOC's Motion to Dismiss, SOC's Counsel of Record, Dentons U.S. LLP ("Dentons"), identified a conflict of interest based on its representation of a different client that would interfere with its continued representation of SOC pursuant to the Model Rules of Professional Conflict Rule 1.7(a)(1) and the Nevada Rules of Professional Conduct Rule 1.7(a)(1).

5. Dentons sought but was unsuccessful in obtaining a waiver of the conflict of interest. SOC subsequently engaged in a prompt and diligent search for substitute counsel to continue representing the Defendants in this matter.

6. On June 4, 2026, Dentons notified Plaintiffs that SOC would be engaging new counsel.

7. On June 18, 2026, SOC retained attorneys Jason Workmaster, Alejandro (Alex) Sarria, and Christina Clark from the law firm of Miller & Chevalier Chartered ("Miller & Chevalier") to represent SOC in this case.

8. On June 18, 2026, Dentons filed a Stipulation to Withdraw and for Substitution of Counsel in which Dentons requested that the Court grant leave for counsel of record from Dentons—Steven Masiello, Gale Monahan, and Sean D. G. Camacho—to withdraw from the case. [ECF No. 64]. The Stipulation also indicated that SOC has agreed to substitute the law firm of Miller & Chevalier and the above-named counsel as its attorneys of record.

9. On June 19, 2026, undesigned local counsel for SOC contacted counsel for Plaintiffs regarding SOC's intent to file this Motion. Plaintiffs' counsel confirmed that they do not oppose the Motion.

10. Good cause exists to grant the requested extension. Without the stipulated extension of time to amend the pleadings, Defendants will face severe prejudice, including potential impairment of their right to seek contribution from responsible third parties (e.g., other contractors and entities), which could in turn

materially affect the proceedings and outcome in this case.

11.    Dentons is working expeditiously to transfer client files to Miller & Chevalier, consistent with withdrawing counsel's ethical obligations under the Model Rules and the Nevada Rules of Professional Conduct.

12.    But, as of the date of this filing, Miller & Chevalier does not yet have the information it needs to independently assess the case or to fully consider, draft, or file a Third-Party Complaint by the current deadline of June 23, 2026.

13.    Thus, if the Court maintains the current deadline, Defendants will be at a material disadvantage, both now and for remainder of the case.

14.    Defendants make this Stipulation in good faith and have conferred with opposing counsel about the upcoming deadlines and the parties' joint desire to avoid unnecessary litigation regarding scheduling matters.

15.    This Motion is the first request for an extension of Defendants' deadline to amend the pleadings. Defendants previously requested an extension to the deadline to file its answer, [ECF No. 60], which the Court granted. [ECF No. 61].

16.    Granting this Stipulation will not prejudice any Party.

WHEREFORE, the Defendants request this Court grant this Stipulation to extend Defendants' deadline to amend the pleadings and to file a Third-Party Complaint by thirty (30) days to **July 23, 2026**.

Dated this 19th day of June, 2026.

_/s/ Paul J. Anderson_
Paul J. Anderson (NV SBN 709)
**MAUPIN, COX & LEGOY**
4785 Caughlin Parkway
P.O. Box 30,000
Reno, NV 89519/89520 (P.O. Box)
panderson@mcllawfirm.com

_On behalf of Defendants SOC, LLC and SOC Nevada, LLC_

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: June 22, 2026 _____