**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Darlene Post, et al.,

Plaintiffs,

v.

SOC, LLC, et al.,

Defendants.

Case No. 2:25-cv-00062-GMN-NJK

**Order**

[Docket No. 80]

Pending before the Court is Defendants' second motion to amend the Court's scheduling order. Docket No. 80. Defendants request a "modest" extension of deadlines. *Id.* at 12. Plaintiffs filed a joinder to the motion. Docket No. 81.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension

request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

The first defendant appeared in this action on January 10, 2025, when this case was removed from state court. Docket No. 1. Contrary to the local rules, the parties filed their joint proposed discovery plan over 14 months later. *See* Docket No. 54 (joint proposed discovery plan); *see also* Local Rule 26-1(a). The parties requested an 819-day discovery period, which is more than four times the presumptively reasonable length. *See* Docket No. 54 at 2; *see also* Local Rule 26-1(b)(1). On March 24, 2026, the Court entered the scheduling order and afforded the parties a 619-day discovery period, measured from the date of removal. *See* Docket No. 55 at 1-2. The Court explicitly told the parties that they "must diligently conduct discovery. Any request for extension must include a robust showing of diligence." *Id.* at 2.

The Court has already denied Defendants' first request for extension, as Defendants failed to demonstrate diligence. *See* Docket No. 79. The instant motion fails to correct this deficiency. *See* Docket No. 80. Nonetheless, in the interest of deciding this case on its merits, the Court will grant a modest extension of the deadlines. Therefore, the motion for extension, Docket No. 80, is **GRANTED** in part and **DENIED** in part as follows:

- Initial Experts: September 8, 2026
- Rebuttal Experts: October 8, 2026
- Discovery cutoff: November 8, 2026
- Dispositive motions: December 8, 2026
- Joint proposed pretrial order: January 7, 2027, or 30 days after resolution of dispositive motions.

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

The parties must diligently conduct discovery. The Court is not inclined to extend these deadlines further.

IT IS SO ORDERED.

Dated: July 27, 2026

Nancy J. Koppe
United States Magistrate Judge