Patrick G. Byrne, Esq.
Nevada Bar No. 7636
Bradley T. Austin, Esq.
Nevada Bar No. 13064
SNELL & WILMER L.L.P.
1700 S. Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: pbyrne@swlaw.com
baustin@swlaw.com

Jason N. Workmaster, Esq. (*Pro Hac Vice*)
Alejandro L. Sarria, Esq. (*Pro Hac Vice*)
Christina A. Clark, Esq. (*Pro Hac Vice*)
MILLER & CHEVALIER CHARTERED
900 16th Street NW
Washington, D.C. 20006
Telephone: 202.626.5909
Email: jworkmaster@milchev.com
asarria@milchev.com
cclark@milchev.com

*Attorneys for Defendants SOC LLC and SOC Nevada LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

DARLENE POST, individually and in her capacity as Special Administrator of the ESTATE OF DAVID POST; and KIPALEE PRINCE, individually and in her capacity as Special Administrator of the ESTATE OF DAVID PRINCE,

Plaintiffs,

vs.

SOC LLC, a foreign limited liability company; SOC NEVADA LLC, a foreign limited liability company; SOC DOE GUARD, an individual; and DOES 1–5 and ROE ENTITIES 1–5,

Defendants.

Case No. 2:25-cv-00062-GMN-NJK

**STIPULATED PROTECTIVE ORDER REGARDING THE CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**

///

///

///

Plaintiffs Darlene Post, Estate of David Post, Kipalee Prince, Estate of David Prince (collectively, "Plaintiffs") and defendants, SOC LLC and SOC Nevada LLC (jointly, "SOC") (collectively, the "Stipulating Parties"), stipulate, subject to this Court's approval, that (i) discovery in the above-captioned action ("Action") is likely to involve the production of highly confidential non-public information, private personal information, proprietary information, including trade secrets, development, commercial, financial, technical, and/or other information, Unclassified Controlled Nuclear Information ("UCNI"), and/or Controlled Unclassified Information ("CUI"); (ii) that the management, possession, use and control of such information and documents is sensitive; and (iii) that public disclosure could create a substantial risk of serious injury or harm that cannot be avoided by less restrictive means. Accordingly, the parties stipulate to and request the Court to enter the Protective Order provisions contained herein. The parties acknowledge that this Stipulated Protective Order does not confer blanket protection on all disclosures or responses to discovery. The protection from public disclosure and use extends only to the limited information or items entitled to confidential treatment under the applicable legal principles.

**1. DEFINITIONS**

1.1. Action: Darlene Post et al. v. SOC LLC et al., Case No. 2:25-cv-00062-NJK, U.S. District Court for the District of Nevada.

1.2. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

1.3. "CONFIDENTIAL INFORMATION": information (regardless of how it is generated, stored, or maintained) or tangible things that contain trade secret, confidential, private, personal, proprietary, or otherwise sensitive information of which the Designating Party, as defined below, customarily takes steps to limit or prevent disclosure or misuse.

1.4. "CONTROLLED UNCLASSIFIED INFORMATION": Information the Government creates or possesses, or that an entity creates or possesses for or on behalf of the Government, that a law, regulation, or government-wide policy requires or permits an agency to handle using safeguarding or dissemination controls. CUI information includes, but is not limited

to, information designated as Official Use Only ("OUO") or For Official Use Only ("FOUO"). CUI does not include classified information or information a non-executive branch entity possesses and maintains in its own systems that did not come from, or was not created or possessed by or for, an executive branch agency or an entity acting for an agency.

1.5. Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

1.6. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or responses to discovery as "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER."

1.7. Disclosure or Litigation Material: all documents, items, or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures either formally or informally or in responses to any discovery request, deposition testimony, testimony taken at hearings or other proceedings; interrogatory responses, and/or filings, motions, transcripts, and exhibits in this Action.

1.8. ESI: refers to any Electronically Stored Information.

1.9. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who a Party or its counsel has retained to serve as an expert witness or as a consultant in this Action.

1.10. In-House Counsel: attorneys who are employees of a party to this Action (as well as their support staff). In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.11. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

1.12. Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party and includes support staff.

1.13. Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.14. Producing Party: a Party or Non-Party that produces Disclosure or Litigation Material in this Action.

1.15. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.16. Protected Material: any Disclosure or Litigation Material that is designated as "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER"; "CONTROLLED UNCLASSIFIED INFORMATION"; or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION." The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above) but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

1.17. Receiving Party: a Party that receives Disclosure or Litigation Material from a Producing Party.

1.18. "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION": Certain unclassified but sensitive Government information concerning nuclear material, weapons, and components whose dissemination is controlled under Section 148 of the Atomic Energy Act.

**2. DURATION**

This Stipulated Protective Order applies from the date of signature by representatives of both parties until all Protected Material is returned or disposed in accordance with Section 11, Final Disposition. Should this case proceed to trial, however, the Stipulating Parties agree that the trial judge's orders shall govern any use of Protected Material at trial. This Stipulated Protective Order does not govern the use of Protected Material at trial.

Once a case proceeds to trial, information that was designated as "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER" or maintained under this Stipulated Protective Order used or introduced as an exhibit at trial may become public and presumptively available to all members of the public, including the press unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.

However, information designated as "CONTROLLED UNCLASSIFIED INFORMATION" or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION" or maintained under this Stipulated Protective Order used or introduced as an exhibit at trial shall presumptively be excluded from availability to all members of the public, including the press, unless compelling reasons supported by factual findings to disclose such information are made to the trial judge in advance of the trial.

**3. DESIGNATING PROTECTED MATERIAL**

3.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

If it comes to a Designating Party's attention that information or items designated for protection do not qualify, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

3.2. Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, a Party must clearly designate all Disclosure or Litigation Material under this Stipulated Protective Order before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affixes, at a minimum, the legend "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER" (hereinafter "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER legend"); "CONTROLLED UNCLASSIFIED INFORMATION" (hereinafter "CONFIDENTIAL UNCLASSIFIED INFORMATION legend"); or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," (hereinafter "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION legend") to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER"; "CONTROLLED UNCLASSIFIED INFORMATION"; or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," as appropriate. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must either affix the appropriate legend, or clearly indicate in writing that it wishes either the "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER legend"; "CONTROLLED UNCLASSIFIED INFORMATION legend"; or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION legend," as appropriate, affixed each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins or by identifying such portions in writing).

(b) for testimony given in depositions, the Designating Party may identify the Protected Material on the record before the close of the deposition or after the deposition during review of the transcript.

(c) for information produced in some form other than documentary and for any other tangible items that the Producing Party affixes in a prominent place on the exterior of the container or containers in which the information is stored with the legend "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER – SUBJECT TO PROTECTIVE ORDER"; "CONTROLLED UNCLASSIFIED INFORMATION"; or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," as appropriate, or clearly indicates, in writing, that it wishes the receiving Party to affix such a legend.

3.3. Designations in Good Faith. Any party or nonparty providing discovery in this Action that designates Protected Material as "CONTROLLED UNCLASSIFIED INFORMATION" or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION" represents to the Receiving Party that the Producing Party made a good faith determination that the Protected Material is subject to federal regulations in 32 C.F.R. §§ 2002 *et seq.* and the Department of Energy ("DOE") Identification and Protection of Unclassified Controlled Nuclear Information, 10 C.F.R. §§ 1017 *et seq.*

3.4. Designated Materials Shall be Kept Confidential. All Disclosure and Litigation Material produced or furnished by a Party or nonparty during this litigation, which are designated "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER – SUBJECT TO PROTECTIVE ORDER"; "CONTROLLED UNCLASSIFIED INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION" by the Producing Party, shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive this information under the terms of this Stipulated Protective Order, and shall be used only in preparation for, in the prosecution of, and/or the defense of, this Action or any appeal therefrom, and cannot be used for any other purpose including, but not limited to, any other litigation and arbitration matters, or any other business, competitive, personal, private, or public purpose. The

Stipulating Parties, nonparties, and all other persons bound by the terms of this Stipulated Protective Order shall only use the Disclosure and Litigation Material designated "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER – SUBJECT TO PROTECTIVE ORDER"; CONTROLLED UNCLASSIFIED INFORMATION"; and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION" as authorized under this Stipulated Protective Order. The Parties, nonparties, or other persons' use of Litigation Material designated "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER – SUBJECT TO PROTECTIVE ORDER"; "CONTROLLED UNCLASSIFIED INFORMATION"; and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," in a manner inconsistent with the terms and conditions of this Stipulated Protective Order, may only occur if written consent of all the interested parties, the DOE or other responsible government entity, and/or an order of this Court is first obtained.

3.5. Inadvertent Failures to Designate. If corrected in a timely manner, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**4. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

4.1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality within 14 days of disclosure of Disclosure and Litigation Material.

4.2. Meet and Confer. The Challenging Party shall meet and confer with the Designating Party to resolve the issue without Court involvement. If resolution is not possible, the Challenging Party shall follow any discovery dispute procedures set by the Court in this Action.

4.3. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**5. ACCESS TO AND USE OF PROTECTED MATERIAL**

5.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 11, Final Disposition, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

5.2. Disclosure of "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER – SUBJECT TO PROTECTIVE ORDER." Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER" only to:

5.2.1. the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

5.2.2. the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

5.2.3. Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" attached as **Exhibit A**;

5.2.4. the Court and its personnel;

5.2.5. Court reporters and their staff;

5.2.6. professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5.2.7. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

5.2.8. during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness signs the form (Exhibit A) attached hereto; and (2) they will not be permitted to keep any Disclosure or Litigation Material marked as CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or it is otherwise agreed by the Designating Party or ordered by the Court. Disclosure of Litigation Material marked as CONTROLLED UNCLASSIFIED INFORMATION, subject to requirements outlined in 32 C.F.R. §§ 2002 *et seq.*, or UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION shall be disseminated only as permitted to do so by the NNSA and be returned or disposed of as set forth in Section 11, Final Disposition, below. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

5.2.9. any mediator or settlement officer and their supporting personnel mutually agreed upon by any of the parties engaged in settlement discussions.

5.3. Any executed "Acknowledgement and Agreement to Be Bound" (Exhibit A) of persons agreeing to be bound by this Stipulated Protective Order shall be retained by counsel and shall be subject to *in camera* review by the Court, if good cause for review is demonstrated by any party or nonparty, in receipt of a subpoena in this action.

5.4. Access to CONTROLLED UNCLASSIFIED INFORMATION. This Stipulated Protective Order establishes procedures for access to CONTROLLED UNCLASSIFIED INFORMATION for purposes of this Action. It does not affect access to CONTROLLED UNCLASSIFIED INFORMATION for any other purpose. Prior to dissemination, authorized holders of CONTROLLED UNCLASSIFIED INFORMATION will label the material as required by law, regulation, or Government-wide policy. In addition to the provisions in this Section 5, a person seeking access to CONTROLLED UNCLASSIFIED INFORMATION under this

Stipulated Protective Order must ensure familiarity with the handling and dissemination requirements outlined in 32 C.F.R. § 2002.16. Before disseminating CONTROLLED UNCLASSIFIED INFORMATION, the authorized holder of such information must ensure that all intended recipients have a lawful Government purpose to receive the CONTROLLED UNCLASSIFIED INFORMATION. An authorized holder's obligation to comply with Federal Rule of Civil Procedure 26 in connection with this litigation constitutes a lawful Government purpose. Upon identifying that there is lawful Government purpose to disseminate the CONTROLLED UNCLASSIFIED INFORMATION to a receiving Party, the authorized holder must transmit the CONTROLLED UNCLASSIFIED INFORMATION using the procedures set out in 32 C.F.R. § 2002.

If a person is granted access to documents or information marked as "CONTROLLED UNCLASSIFIED INFORMATION," such person may not further disseminate such information except in accordance with the provisions set out in this Stipulated Protective Order. The Stipulating Parties are responsible for ensuring that access to CONTROLLED UNCLASSIFIED INFORMATION in their possession, custody, or control is restricted to authorized person(s) in accordance with 32 C.F.R. §§ 2002 *et seq*. To prevent unauthorized access to CONTROLLED UNCLASSIFIED INFORMATION, the Stipulating Parties agree to follow the safeguards outlined in 32 C.F.R. §§ 2002 *et seq*:

(a) All documents containing CONTROLLED UNCLASSIFIED INFORMATION shall be placed in a secure file or room with access limited to those persons who are authorized to access such information;

(b) If documents containing CONTROLLED UNCLASSIFIED INFORMATION are scanned and stored in a computer, access to such electronic files shall be limited to those persons who have obtained approval to access to such information;

(c) If counsel or another individual authorized to receive CONTROLLED UNCLASSIFIED INFORMATION anticipates that CONTROLLED UNCLASSIFIED INFORMATION will be disclosed to the Court, including at any hearing, deposition, or trial, the Stipulating Parties agree to confer on how to comply with the terms of this Stipulated Protective

Order and 32 C.F.R. §§ 2002 *et seq.* and, if necessary, to discuss with the Court the proper safeguards to prevent unauthorized disclosure.

5.5. Access to UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION. This Stipulated Protective Order establishes procedures for access to UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION for purposes of this litigation. It does not affect access to UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION for any other purpose. In addition to the provisions in this Section 5, a person seeking access to UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION under this Stipulated Protective Order must request limited access to UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION from the National Nuclear Security Administration ("NNSA") in accordance with procedures established under 10 C.F.R. § 1017.21. Under 10 C.F.R. § 1017.21, the NNSA will notify the requesting person within 30 days of the receipt of the request for limited access to documents or information marked as "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," whether the request is granted or the date when the determination will be made. If a person is granted access to documents or information marked as "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION" from the NNSA, such person may not further disseminate such information to anyone unless permitted to do so by the NNSA. The Stipulating Parties are responsible for ensuring that access to UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION in their possession, custody, or control is restricted to authorized person(s) in accordance with 10 C.F.R. §§ 1017 *et seq.* To prevent unauthorized access to UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION, the Stipulating Parties agree to follow the procedures outlined in this paragraph:

(a) All documents containing UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION shall be placed in a secure file or room with access limited to those persons who have obtained NNSA approval for access to such information under 10 C.F.R. §§ 1017 *et seq.*;

(b) Any authorized individual accessing UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION remotely shall ensure access to the remote work location during review is limited to those persons who have obtained NNSA approval for access to such information under 10 C.F.R. §§ 1017 *et seq.*;

(c) If documents containing UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION are scanned and stored in a computer, access to such electronic files shall be limited to those persons who have obtained NNSA approval for access to such information under 10 C.F.R. §§ 1017 *et seq*.;

(d) If counsel or another individual authorized to receive UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION anticipate that UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION will be disclosed to the Court, including at any hearing, deposition, or trial, the Stipulating Parties agree to confer on how to comply with the terms of this Stipulated Protective Order and 10 C.F.R. §§ 1017 *et seq.* and, if necessary, to discuss with the Court the proper safeguards to prevent unauthorized disclosure.

5.5.1. <u>Storage and Handling of UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION</u>. A person granted access by the NNSA to documents or information marked as "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," must strictly comply with the requirements outlined in 10 C.F.R. §§ 1017 *et seq.* and any other requirements set forth by the NNSA.

**6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER"; "CONTROLLED UNCLASSIFIED INFORMATION" or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to be issued in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate concerning all reasonable procedures sought by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER"; "CONTROLLED UNCLASSIFIED INFORMATION"; or "UNCLASSIFIED CONTROLLED NUCLEAR MATERIAL" before a determination by the court from which the subpoena or order issued unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its confidential material in that court, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**7. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

7.1. The terms of this Stipulated Protective Order may apply to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER"; "CONTROLLED UNCLASSIFIED INFORMATION" or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed prohibiting a Non-Party from seeking additional protections.

7.2. If a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

7.2.1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

7.2.2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

7.2.3. make the information requested available for inspection by the Non-Party, if requested.

7.3. If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection of its Protected Material in this Court.

**8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those outlined in FRCP 26(b)(5)(B).

**10. MISCELLANEOUS**

10.1. <u>The format and production of Disclosure and Litigation Material shall be agreed to by the parties</u>.

10.2. <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

10.3. Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any material covered by this Stipulated Protective Order.

10.4. Filing Protected Material. To the extent that any Protected Materials (or any pleading, motion, or memorandum discussing or disclosing them) are proposed to be filed or are

See order issued concurrently herewith

those materials and papers, or any portion thereof, which disclose INFORMATION – SUBJECT TO PROTECTIVE ORDER"; "CONTROLLED UNCLASSIFIED INFORMATION"; or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," shall be filed under seal (by the filing party) under LR IA 10-5 with the Clerk of the Court, in accordance with the current version of the Court's filing requirements for Highly Sensitive Documents.

10.5. Hearings and Trial. If any "CONTROLLED UNCLASSIFIED INFORMATION" or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," material is used in any hearing in connection with the above-captioned action, it shall not lose its "CONTROLLED UNCLASSIFIED INFORMATION" or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," status through such use, and the Stipulating Parties shall take all steps reasonably required to protect its confidentiality as outlined in this Stipulated Protective Order during such use.

10.6. Appeal. In connection with any appeal in this action, all Discovery and Litigation Materials designated as "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER"; "CONTROLLED UNCLASSIFIED INFORMATION"; and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," shall be subject to the provisions of this Stipulated Protective Order and shall be filed with the United States Court of Appeals, under seal, and in accordance with the applicable rules of that court.

**11. FINAL DISPOSITION**

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any archival copies containing or constituting Protected Material remain subject to this Stipulated Protective Order.

Respectfully, submitted this __ day of August 2026.

IT IS SO ORDERED:

The Court **GRANTS** the unopposed motion for protective order. Docket No. 99.

______________________________
UNITED STATES MAGISTRATE JUDGE

DATED: August 21, 2026

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

DARLENE POST, individually and in her capacity as Special Administrator of the ESTATE OF DAVID POST; and KIPALEE PRINCE, individually and in her capacity as Special Administrator of the ESTATE OF DAVID PRINCE,

Plaintiffs,

vs.

SOC LLC, a foreign limited liability company; SOC NEVADA LLC, a foreign limited liability company; SOC DOE GUARD, an individual; and DOES 1–5 and ROE ENTITIES 1–5,

Defendants.

Case No. 2:25-cv-00062-GMN-NJK

**STIPULATED PROTECTIVE ORDER REGARDING THE CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**

CONSENT TO STIPULATED PROTECTIVE ORDER

I hereby declare as follows:

1. My name (printed) is ________________________________________.

My home address is ____________________________________________________

_______________________________________________________________.

My employer is______________________________; my employer's address is ____

___________________; and my occupation or job description is _______________.

2. I have received a copy of the Protective Order in this case.

3. I have carefully read and understand the provisions of the Protective Order and will comply with all the provisions.

I agree to comply with all terms and conditions of the Protective Order concerning all "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER"; "CONTROLLED UNCLASSIFIED INFORMATION"; and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION" Disclosure and Litigation Material that may be disclosed to me in connection with this litigation.

4. I hereby verify that I have reviewed 32 C.F.R. §§ 2002 *et seq*. and will comply with such regulations and any other directions the Court imposes regarding CONTROLLED

UNCLASSIFIED INFORMATION.

5. I hereby verify that I have reviewed the DOE Identification and Protection of Unclassified Controlled Nuclear Information 10 C.F.R. §§ 1017 *et seq*. and will comply with such regulations and any other directions imposed by the DOE as it relates to UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION.

6. I agree to keep confidential all Litigation Material designated "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER"; "CONTROLLED UNCLASSIFIED INFORMATION"; and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION" that are disclosed to me in connection with this Action. I agree not to give, show, make available, discuss, or otherwise communicate in any manner, directly or indirectly, any Discovery and Litigation Material to or with any person not authorized to receive the information under the terms of the Stipulated Protective Order.

7. I agree that I will only use Disclosure and Litigation Material designated as "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER"; "CONTROLLED UNCLASSIFIED INFORMATION"; and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION" in the prosecution and/or the defense of this litigation or any appeal therefrom. I agree that such Disclosure and Litigation Material cannot be used for any other purpose, including, but not limited to, any other litigation and arbitration matters or any other business, competitive, personal, private, or public purpose.

8. I understand that if I violate the provisions of the Stipulated Protective Order, I may be subject to, among other things, sanctions, and/or civil or criminal liability.

9. Under 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: ____________________

Signature:_______________________

Print:___________________________