**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Darlene Post, et al.,

Plaintiff(s),

v.

SOC, LLC et al.,

Defendant(s).

Case No. 2:25-cv-00062-GMN-NJK

**Order**

[Docket Nos. 83, 84]

Pending before the Court are Defendants' motions for leave to file a third-party complaint. Docket Nos. 83, 84. Plaintiffs filed a response in opposition. Docket No. 96. Defendants filed a reply. Docket Nos. 102. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** without prejudice the motion.

Motions seeking leave to file third-party complaints are governed by Rule 14 of the Federal Rules of Civil Procedure.[1] While the papers in this case reference Rule 14, they focus on the

[1] The Court has outlined Rule 14(a) standards elsewhere:

> Under Rule 14(a), a defending party, as a third-party plaintiff, may implead a third-party defendant "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). The defending party "must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id.* "[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereof." *Stewart v. Am. Intern. Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988). "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Id.* (citation omitted). "Rule 14 was designed to provide for the adjudication of rights of all persons involved in a controversy in order to avoid circuity of actions and multiplicity of suits." *Nev. Eighty-Eight, Inc. v. Title Ins. Co. of Minn.*, 753 F. Supp. 1516, 1529 (D. Nev. 1990). "The decision on leave to file a third-party complaint is within the district court's sound discretion." *Clark Cty. v. Jacobs Facilities, Inc.*, 2011 WL 4458797, at *1 (D. Nev. Sept. 23, 2011).

*Goodrich v. GRG Enterps., LLC*, 2020 WL 5994993, at *1 (D. Nev. Oct. 8, 2020).

considerations that govern amendment under Rule 15. *See, e.g.*, Docket No. 96 at 6-7; Docket No. 102 at 3-4. The parties have not shown that these Rule 15 considerations actually govern the Rule 14 analysis. Because the parties have not shown that the arguments advanced are pertinent in the Rule 14 context, the Court declines to resolve those arguments. *Cf. Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

Accordingly, Plaintiffs' motions for leave to file third-party complaint are **DENIED** without prejudice. Docket Nos. 83, 84. Any renewed request for this relief must be filed by September 15, 2026. If the parties therein continue to rely on Rule 15 standards, they must provide meaningful explanation as to why they apply to a Rule 14 request. Moreover, any futility argument raised in renewed motion practice must be accompanied by meaningful explanation as to why that issue is properly resolved vis-à-vis a Rule 14 motion. *See* Docket No. 102 at 12 (quoting *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 346 (D. Nev. 2022)).

IT IS SO ORDERED.

Dated: September 1, 2026

Nancy J. Koppe
United States Magistrate Judge