**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Darlene Post,

Plaintiff(s),

v.

SOC LLC, et al.,

Defendant(s).

Case No. 2:25-cv-00062-GMN-NJK

**Order**

[Docket No. 111]

Pending before the Court is Plaintiff's motion for leave to amend to substitute proper party. Docket No. 111. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** without prejudice the motion.

Plaintiff cites to Nevada Rule of Civil Procedure 10(d) as the legal basis for amending their compliant to substitute the name of a party. *See* Docket No. 111 at 4. Federal Rule of Civil Procedure 81(c), however, requires federal procedural law to be applied to civil actions after they are removed from state court.

The instant motion was filed on September 18, 2026, after the deadline to amend pleadings or add parties expired on June 23, 2026. *See* Docket No. 55. When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the motion through a multi-step process. As a threshold matter, courts treat the motion as seeking to amend the scheduling order. Such a request implicates the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). A motion for leave to amend filed after the expiration of the corresponding deadline also requires a showing of excusable neglect. *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3.

When the movant establishes a sufficient basis for obtaining relief from the governing case management deadline, courts then examine whether amendment is proper under the standards

outlined in Rule 15(a).[1] Although Plaintiff has cited to Rule 15(a) in the instant motion, she has failed to address the threshold standards outlined in Rule 16(b). *See* Docket No. 111 at 3-4. Thus, the Court declines to resolve Rule 15 arguments until the threshold standards are met.

Accordingly, Plaintiff's motion for leave to amend is **DENIED** without prejudice. Docket No. 111. Any renewed request for this relief must be filed by October 12, 2026.

IT IS SO ORDERED.

Dated: October 5, 2026

Nancy J. Koppe
United States Magistrate Judge

[1] *Smith v. Las Vegas Metro. Police Dep't*, No. 2:23-CV-00092-JAD-NJK, 2024 WL 4046295, at *1–2 (D. Nev. July 29, 2024), *report and recommendation adopted*, No. 2:23-CV-00092-JAD-NJK, 2024 WL 4615860 (D. Nev. Oct. 30, 2024) ("Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. Not all of these factors carry equal weight and prejudice is the 'touchstone.' *Id.*")