**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Darlene Post, et al.,

Plaintiff(s),

v.

SOC, LLC, et al.,

Defendant(s).

Case No. 2:25-cv-00062-GMN-NJK

**Order**

[Docket Nos. 128, 130]

Pending before the Court is Plaintiffs' motion to depose an incarcerated witness (Prince Pollard), Docket No. 128, as well as Plaintiffs' amended motion seeking the same relief in expedited fashion, Docket No. 130.[1] "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2), (B). Plaintiffs seek to depose Pollard, who an inmate in state custody. Plaintiffs explain the relevance of Pollard's testimony to the issues in this case. *See* Docket No. 130 at 7-8. Moreover, the deposition appears to be proportional and the record does not demonstrate that the concerns identified in Rule 26(b)(2) warrant denial of leave to depose Pollard. Accordingly, Plaintiffs' motions are **GRANTED**. Plaintiffs must confer with prison officials regarding the procedures for the deposition. *Cf. Griffin v. Johnson*, 2016 WL 4764670, at *1 (E.D. Cal. Sept. 12, 2016).

IT IS SO ORDERED.

Dated: October 19, 2026

Nancy J. Koppe
United States Magistrate Judge

[1] As to the request for expedited consideration, counsel are reminded that seeking emergency relief is disfavored given, *inter alia*, the accompanying administrative burdens. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140-41 (D. Nev. 2015). Although the Court agrees to resolve the underlying motion in expedited fashion, counsel must ensure moving forward that they properly calendar and manage deadlines.