**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Darlene Post, et al.,

Plaintiffs,

v.

SOC, LLC, et al.,

Defendants.

Case No. 2:25-cv-00062-GMN-NJK

**Order**

[Docket No. 112]

Pending before the Court is a motion to compel the deposition of Jerry Weber filed by Defendants SOC LLC and SOC Nevada. Docket No. 112. Non-party U.S. Department of Energy ("DOE") filed a response in opposition. Docket No. 120. Defendants filed a reply. Docket No. 124. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, Defendants' motion to compel is **GRANTED**.

## I. BACKGROUND

This case arises out of the deaths of David Post and David Prince after a motor vehicle collision. Docket No. 98. Plaintiffs allege that Defendants are liable for these deaths through negligence, vicarious liability, and wrongful death causes of action. *Id.*

On July 2, 2026, Defendants' counsel spoke with a DOE attorney regarding documents and information in DOE's possession that, they submit, are relevant to the claims and defenses in the instant case. Docket No. 112 at 2. On July 8, 2026, Defendants submitted a formal request for these items under DOE's *Touhy* regulations. *Id.* at 2-3.

Defendants continued contacting DOE throughout July in an attempt to receive the requested information before the discovery deadline of September 21, 2026. *Id.* at 3-4. Defendants also attempted to obtain the information from other sources. *Id.* at 4.

On August 21, 2026, after unsuccessfully pursuing other sources for the relevant documents and information, Defendants submitted a supplemental *Touhy* request seeking

testimony from certain DOE employees, including Jerry Weber. *Id.* at 5. DOE responded with a demand for certain information. *Id.* Defendants responded to DOE's concerns, including listing specific questions they intended to ask each DOE witness. *Id.* at 6.

On September 2, 2026, DOE authorized Defendants to interview Weber, but imposed substantial restrictions. *Id.* DOE denied Defendants' requests to obtain testimony from the other three requested witnesses. *Id.*

On September 3, 2026, Defendants served Weber with a subpoena commanding him to appear for a deposition in Las Vegas, Nevada, on September 16, 2026. *Id.* at 6-7. DOE informed Defendants it did not authorize a deposition of Weber but that it was still open to allowing him to participate in a two-hour interview. *Id.* at 7. Defendants declined to withdraw the deposition subpoena and advised DOE to seek any desired relief from the Court. *Id.* Defendants also told DOE they were willing to consider reasonable alternatives to Weber's testimony. *Id.*

DOE never sought relief from the Court. *See* Docket. On September 10, 2026, Defendants requested confirmation that Weber would appear for his deposition. *Id.* DOE again responded that Weber was not authorized to appear and that he was scheduled to travel outside of Nevada on the day of the deposition. *Id.* at 7-8. Defendants requested alternative dates for when Weber would be available to appear for his deposition. *Id.* at 8. However, no dates were provided and no relief from the subpoenaed deposition was requested. *Id.* at 8-9. In fact, Defendants were told that the Department of Justice attorney now handling the matter would be on leave from September 11-24, and that she would discuss this issue when she returned. *Id.* at 8.

At Defendant's request, the name of a second Department of Justice attorney for DOE was provided. *Id.* Despite Defendants' attempts to reach that attorney and obtain alternative dates for Weber's testimony, they were told that no discussion would be held until the first Department of Justice attorney returned from leave, more than one week after the September 16, 2026, deposition. *Id.*

As a result, on September 16, 2026, Defendants' counsel appeared for the subpoenaed deposition, but Weber did not. *Id.* at 9. Defendants' counsel recorded Weber's nonappearance. *Id.* Defendants' counsel again requested the opportunity to confer about alternative dates for

Weber's deposition and informed DOE that if there was no response by 5:00 p.m., a motion to compel would be filed. *Id.* Defendants received no response. *Id.*

In the instant motion, Defendants request that the Court compel the deposition of Jerry Weber. Docket No. 124 at 4. In response, DOE requests that the Court issue a protective order as to Defendants' deposition topics. Docket No. 120 at 11.

## II. STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Discovery is limited to any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *see also ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 530 (N.D. Cal. 2015) (the scope of third-party discovery is subject to the same limitations).

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). A nonparty's deposition may be compelled by subpoena under Rule 45 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(a)(1). The scope of discovery allowed under a Rule 45 subpoena is the same as the scope of discovery allowed under Rule 26. *Miller v. Ghirardelli Chocolate Co.*, 2013 U.S. Dist. LEXIS 179917, at *2 (N.D. Cal. Dec. 20, 2013). If necessary to enforce a Rule 45 subpoena, a party may move to compel a deposition of a nonparty in the court where the discovery is to be taken. *See* Fed. R. Civ. P. 37(a)(1)-(2). The party opposing discovery bears the burden to persuade the Court that discovery should not occur. *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 310 (D. Nev., 2019).

## III. ANALYSIS

DOE did not seek or obtain a stay of the deposition prior to the date for which the deposition was noticed. Docket No. 112 at 7-9. Instead, DOE merely advised Defendants that Weber would not appear for the deposition. *Id.* DOE further refused Defendants' many attempts to obtain a new date, both before and after the scheduled deposition. *Id.*

"Unless a party or witness files a motion for a protective order and seeks and obtains a stay *prior* to the deposition, a party or witness has no basis to refuse to attend a properly noticed deposition." *In re Toys R Us-Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 2010 WL 4942645, at *3 (C.D. Cal. July 29, 2010) (citing *Pioche Mines Consol., Inc. v. Dolman,* 333 F.2d 257, 269 (9th Cir.1964), *cert. denied,* 380 U.S. 956, 85 S.Ct. 1081, 13 L.Ed.2d 972, *and cert. denied,* 380 U.S. 956, 85 S.Ct. 1082, 13 L.Ed.2d 972 (1965)); *see also Collins v. Wayland*, 139 F.2d 677, 678 (9th Cir., 1944) (holding that if a deponent objected to a deposition, he could and should have sought such relief by motion instead of disregarding the notice and a court order to appear).

DOE now seeks a protective order limiting the scope of the deposition of Weber. Docket No. 120 at 11. DOE, however, lacks the basis to seek a protective order because it was not filed before the deposition date of September 16, 2026. Thus, DOE fails to persuade the Court that the deposition should not proceed.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendants' motion to compel the deposition of Jerry Weber. Docket No. 112. Jerry Weber must make himself available for deposition on a mutually agreeable date no later than **December 7, 2026**.

IT IS SO ORDERED.

Dated: November 9, 2026

Nancy J. Koppe
United States Magistrate Judge