**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Darlene Post, et al.,

Plaintiffs,

v.

SOC LLC, et al.,

Defendants.

Case No. 2:25-cv-00062-GMN-NJK

**Order**

[Docket No. 127]

Pending before the Court is Plaintiffs' motion for leave to amend to substitute proper party. Docket No. 127. No response was filed. *See* Docket. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

## I. BACKGROUND

This case arises out of the deaths of David Post and David Prince after a motor vehicle collision. Docket No. 98. Plaintiffs allege that Defendants are liable for these deaths through negligence, vicarious liability, and wrongful death causes of action. *Id.*

This case was removed to Federal Court on January 10, 2025. *See* Docket No. 1. On May 2, 2025, Defendant SOC filed a motion to dismiss. *See* Docket No. 29.

On March 20, 2026, the parties held a Rule 26(f) conference. Docket No. 54 at 2. On March 24, 2026, the Court set the deadline to amend pleadings and add parties on June 23, 2026. Docket No. 55 at 2. The deadline for parties to make initial disclosures was set for April 3, 2026. *See* F.R.C.P. 26(a)(1)(c); *see also* Docket No. 55 (the Court did not set a different time for initial disclosures).

On March 27, 2026, the Court granted in part Defendant SOC's motion to dismiss. *See* Docket No. 56. Parties stipulated to Defendants substituting their counsel on June 18, 2026, *see* Docket No. 64, and the Court granted the substitution on June 22, 2026, *see* Docket No. 66. Plaintiffs submit that discovery was "completely idled" from the time SOC's motion to dismiss

was filed, on May 2, 2025, until Defendants' counsel was substituted, on June 22, 2026. Docket No. 127 at 3 (citing Docket No. 127-2 at ¶ 10); *see* Docket Nos. 29, 66.

When the complaint was initially filed, Plaintiffs did not know the name of the stationed security guard that performed an inspection of the car before it was allegedly driven by a drunk driver onto the premises where the motor vehicle collision occurred. Docket No. 127 at 3. Thus, Plaintiffs named the security guard under a fictitious name, "SOC Doe Guard." *See,* e.g., Docket No. 1-1 at 3.

On July 17, 2026, Defendant SOC served Plaintiffs with its initial disclosures. Docket No. 127 at 3. SOC's initial disclosures did not specify which security guard performed the inspection of the subject vehicle. *Id.* On August 14, 2026, Plaintiffs served a subpoena on the Nye County Sherriff's Office. *Id.* at 5. On August 27, 2026, nearly six weeks after receiving SOC's initial disclosures, Plaintiffs asked SOC's counsel to identify the security guard that performed the inspection of the subject vehicle. *Id.* Plaintiffs submit that the response given was not sufficient to decipher the identity of the SOC Doe Guard. *Id.* (citing Docket No. 127-4).

On August 31, 2026, Plaintiffs learned the name of the SOC Doe Guard from the Nye County Sherriff's Office's response to the August 14, 2026, subpoena. *Id.* at 3. On September 18, 2026, Plaintiffs filed a motion to substitute the proper party, Andrew Hoffman, in place of the SOC Doe Guard. *See* Docket No. 111. The Court denied the motion without prejudice. *See* Docket No. 121. Plaintiffs timely filed the instant motion requesting to substitute the proper party, Andrew Hoffman, in place of the SOC Doe Guard. Docket No. 127.

## II. STANDARDS

When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the motion through a multi-step process. As a threshold matter, courts treat the motion as seeking to amend the scheduling order. Such a request implicates the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. Courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the

diligence of the party seeking the extension." *Id.* The diligence inquiry also addresses other pertinent circumstances, including whether the movant was prompt in seeking relief from the Court once it became apparent that relief from the scheduling order was needed. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citing *Eckert Cold Storage Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996)). Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.* The party seeking amendment bears the burden of establishing diligence. *E.g.*, *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 638 (D. Nev. 2021) (citing *Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019)).

A motion to amend the pleadings filed after the expiration of the deadline established in the scheduling order also requires a showing of excusable neglect. *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765. The party seeking amendment bears the burden of establishing excusable neglect. *E.g., Henderson v. Aria Resort & Casino Holdings, LLC*, No. 2:21-cv-00280-JAD-NJK, 2023 U.S. Dist. LEXIS 69234, 2023 WL 3007914, at *3 (D. Nev. Mar. 31, 2023).

## III. DISCUSSION

Plaintiffs submit that good cause exists because, through no fault of their own, the instant motion was delayed by SOC's pending motion to dismiss, SOC's counsel turnover, discussions with SOC regarding a protective order,[1] an informal understanding that procedural deadlines would be extended, and Plaintiffs' late discovery of the identity of the SOC Doe Guard. Docket No. 127 at 7-8.

[1] Plaintiffs do not provide context for when the protective order discussions took place and their effect on the instant motion.

The Court has significant concerns about the parties' conduct throughout discovery. As just some examples of the parties' lack of diligence, Plaintiffs submit that discovery was "completely idled" from the time SOC's motion to dismiss was filed on May 2, 2025, until Defendants' counsel was substituted on June 22, 2026. Docket No. 127 at 3 (citing Docket No. 127-2 at ¶ 10); *see* Docket Nos. 29, 66. However, the parties never filed a request to stay discovery and the stipulation to substitute counsel did not request specific relief from the discovery schedule pursuant to Local Rule IA 11-6(e). *See* Local Rule 11-6(c) ("Except where accompanied by a request for relief under subsection (e) of this rule, the attorney's signature on a stipulation to substitute the attorney into a case constitutes an express acceptance of all dates then set for pretrial proceedings, trial, or hearings, by the discovery plan or any court order"). Thus, it is not clear to the Court why discovery was "completely idled," as Plaintiffs submit.

Further, Plaintiffs submit that the parties had an informal understanding that procedural deadlines would be extended once SOC resolved its "unilateral issues." Docket No. 127 at 8. Plaintiffs fail to state a basis for this understanding as they did not seek permission from the Court to extend discovery deadlines. Parties may not extend deadlines in a discovery plan absent a court order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril").

The Court therefore finds that Plaintiffs have failed to demonstrate good cause and does not reach the issue of excusable neglect. Nonetheless, Defendants' failure to respond to Plaintiffs' motion constitutes their consent to the granting of the motion. *See* Local Rule 7-2(d).

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's motion for leave to substitute parties. Docket No. 127. Andrew Hoffman is substituted for SOC Doe Guard.

Discovery is now closed, with the exception of one deposition that the Court ordered to occur no later than December 7, 2026. *See* Docket Nos. 87, 145. Due to that deposition, the Court extends the dispositive motions deadline to December 21, 2026, and the joint proposed pretrial order deadline to January 20, 2027. The parties must comply in full with these deadlines.

IT IS SO ORDERED.

Dated: November 12, 2026

Nancy J. Koppe
United States Magistrate Judge